### D. L. MATHIS v. THE STATE.

#### No. 1772.     Decided March 22, 1899.

**1. Setting Aside Order Granting New Trial—Practice.**

Where, on an application to the court to set aside a previous order granting defendant a new trial in a criminal case, it is made to appear that appellant's counsel was notified of said application, but failed to put in an appearance at the hearing; Held, that defendant can not be heard to complain that the action of the court in setting aside the order granting the new trial, even if the court had such authority, deprived him of his right of preparing and filing certain bills of exceptions which he had taken.

**2. Construction of Statutes—Setting Aside an Order Granting a New Trial.**

The rule in civil cases, that a court may set aside an order granting a new trial, can not be applied to criminal cases in view of our statutes with regard to new trials in the latter cases. Code Crim. Proc., title 9, chap. 1. In criminal cases the action of the court in once granting a new trial is final, and the court can not again call up the case and set aside said order, and thus reinstate the judgment it has previously rendered against the accused in the case. The new trial must be heard again before the judge or another jury, as the case may be.

APPEAL from the District Court of Tarrant. Tried below before Hon. IRBY DUNKLIN.

Appeal from a conviction for theft of cattle; penalty, two and a half years imprisonment in the penitentiary.

No statement necessary.

*James S. Davis* and *O. S. Lattimore*, for appellant.

*Robt. A. John*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of cattle, his punishment assessed at two and a half years confinement in the penitentiary, and he prosecutes this appeal.

The only question presented for our consideration is the action of the court overruling its former action granting a new trial and then passing sentence on appellant. Accompanying the transcript are certain affidavits of appellant which show the action of the court more in detail than the record. It is shown that on the last day of the term of the court (appellant having been convicted at a previous day of the term of the offense of theft of cattle) appellant's motion for a new trial was granted, and an order to that effect entered upon the minutes of the court. Between 9 and 10 o'clock on the night of that day, and just before adjournment, appellant was brought into court from the jail, and the previous order of the court granting him a new trial was set aside, and the court then proceeded to pass sentence upon him. The order of the court is in these words: "Now comes James W. Swayne, prosecuting the pleas of the State, also the defendant, D. L. Matthews, in person, and it appearing to the court that the order heretofore this day made, setting aside the judgment and granting a new trial in this cause was made under a misapprehension of the evidence complained of by defendant in his motion for new trial, it is considered and ordered that said order granting new trial is hereby set aside, and for naught held, on the court's own motion; to which defendant excepts. And then came on to be heard the defendant's motion for a new trial, filed herein, and, the court having heard same, and being fully advised in the premises, it is considered and ordered by the court that said motion be, and the same is hereby overruled; to which action and ruling of the court the defendant in open court excepts, and gives notice of appeal to the Court of Criminal Appeals of the State of Texas; and on application therefor it is ordered that defendant have ten days from and after adjournment of this term of court in which to prepare and file a statement of facts in this cause." While the record does not show that appellant's counsel was notified, the agreement accompanying the affidavits does show that appellant's counsel was notified that the court would proceed to rehear the case, but his counsel failed to put in an appearance. Appellant assigns as error the action of the court in granting him a new trial, and subsequently setting aside this order, and claims that the court was without authority to do this, and that it deprived him of preparing and filing certain bills of exception. It does not occur to us that, inasmuch as appellant's counsel was notified, and failed to appear, he can be heard to make this contention as to his bills of exceptions.

The important question, however, here presented is as to the action of the court in reconsidering its granting of a new trial, and setting the same aside. This matter was presented to us in this same case on habeas corpus at a former day of this term (see Ex Parte Matthews [No. 1860; decided February 15, 1899], 49 Southwestern Reporter, 623), and we there stated, that, in our opinion, it was competent for the court to do

this, having full power over its orders and judgments made during the term; and we cited a number of civil cases. As to civil cases there is no doubt this doctrine is correct, but we can find no criminal case in which the same rule has been adopted; and if we recur to our criminal statutes on the subject, it would appear that the granting of a new trial in a criminal case is a finality, and not subject to reconsideration during the term. Our statutes provide that a new trial is the rehearing of a criminal action after verdict, before the judge or another jury, as the case may be; and that in no case shall a new trial be granted where the verdict or judgment has been rendered for the defendant. New trials must be applied for within two days after conviction, and all motions for new trials shall be in writing, and shall set forth definitely the grounds upon which the new trial is asked. The State may take issue with the defendant upon the truth of the causes set forth in the motion for new trial, and in such case the judge shall hear evidence, by affidavit, or otherwise, and determine the issue. In granting or refusing a new trial the judge shall not sum up or comment on evidence in the case, but shall simply grant or refuse the motion, without prejudice to either the State or the defendant. The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall not be regarded as any presumption of guilt, nor shall it be alluded to in the argument. If a new trial shall be refused, a statement of the facts shall be drawn, and certified to by the judge, etc. See Code Crim. Proc., title 9, chap. 1. It would appear from these provisions of our Code that the action of the court on the motion ought to be regarded as final, and that the court would have no authority, after he had granted the motion for new trial, afterwards, on the same day or on some other day of the term, to again call the case up, set the order aside granting the motion, and overrule it, and then proceed to sentence the defendant. This view is further manifested by a reference to other provisions of the statute. For instance, suppose at a former day of the term, defendant being on bail, the court should have granted his motion for a new trial, the effect of the order granting such motion would be to enlarge the defendant on his bail, or after the granting of the order, the defendant would be authorized to give bail. Now, suppose in such case the court, at a subsequent day of the term, desired to recall his former order, and overrule it, what writ can the court issue to bring the defendant before it in order to reconsider the motion for new trial? No writ is provided by the statute, and we take it that there would be no procedure to arrest the defendant, and bring him before the court, in order to review the former action of the court granting a new trial. So far as we know, this is a case of first impression in this State, and from a reading of the statutes, in connection with other provisions, we believe it was intended that the action of the court in granting a new trial should be final. We are not now holding (because that question is not before us) that it would not be competent for the court, after having overruled the motion for new trial at a former day of the

term, to again call the case up, and grant such motion; and we concede that, if the court can do this, it affords a reason why it might do the other. We have examined such authorities of other States as are accessible, but can find none bearing upon this question. In Lookabaugh v. Cooper (Okl.), 48 Pacific Reporter, 99, in a civil case, the judge, in rendering the decision, held that the action of the court in granting the motion for new trial was final, and no further action could be taken on the same motion; and cites a number of decisions of other States, notably from California, which appear to support the doctrine. He also quotes from Thompson on Trials (section 2727), as follows: "It has been held that, after an adverse decision on a motion for new trial, the moving party has no right to file another motion, for the matters embraced in the motion have become res adjudicata." As stated before, however, the rule in our State appears to be different. See Sayles' Rev. Civ. Stats., art. 1337, note 2; Hooker v. Williamson, 60 Texas, 524; Grubbs v. Blum, 62 Texas, 426. But we believe the rule with reference to civil cases in this regard can not be applied to criminal cases, in view of the provisions of our statute above quoted. While the disposition of the case on habeas corpus was no doubt correct, yet what was said by us in that opinion at variance with this decision is overruled. We accordingly hold that the action of the court was erroneous, and the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

DAVIDSON, Presiding Judge, absent.

[NOTE.—The State's motion for rehearing was overruled, without a written opinion, on June 7, 1899.—Reporter.]