Jeanie Marie MOORE and Volney Ray Moore, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 482–86, 481–86.

Court of Criminal Appeals of Texas, En Banc.

March 30, 1988.

Rehearing Denied April 27, 1988.

Rod L. Poirot, Thomas P. Earls, Dallas, for appellants.

John Vance, Dist. Atty. and Gary A. Moore, Elizabeth L. Phifer and Richard Miller, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellants were convicted in a trial before the court of the offense of Injury to a Child under Sec. 22.04, V.A.P.C., and they appealed. The Fifth Court of Appeals affirmed the judgments of conviction. *Moore v. State*, 708 S.W.2d 484 (Tex.App.—Dallas 1986). We granted appellants' petitions for discretionary review to determine if the trial court had the authority to rescind its previous order granting both appellants a new trial and to determine if appellants are entitled to judgments of acquittal.

The Court of Appeals held, in part, that the "trial court granted appellant's motion without having authority to consider the motion [for new trial]." *Moore*, supra, at 489. These petitions for discretionary review therefore present a threshold issue: does defense counsel's failure to serve the State with a copy of a motion for new trial on the ground of insufficient evidence deprive the trial court of jurisdiction to consider and make a valid ruling upon such a motion? For reasons fully discussed in *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980), we hold such a failure in no way affects the jurisdiction of the trial court, and therefore the court's orders granting the motions for new trial are valid.

We present a detailed chronology of the facts because they are crucial to understanding the disposition of these cases. Appellants were convicted of injury to a child in a trial before the court on November 2, 1984. The trial judge assessed the

punishment of each at ten (10) years confinement. On November 27, 1984, appellants filed motions for new trial alleging only that the evidence was insufficient to support the findings of guilty. The prayer of each motion requested "a date for hearing on this motion be set and, after hearing thereon, that this motion be granted and this defendant receive a new trial." Neither motion contained a written certificate of service.

The trial judge granted appellants' motions for new trial by written orders on January 12, 1985, a Saturday, apparently in chambers, without a hearing of any kind. On February 4, 1985, the trial court set the cases for another jury trial. On the same day, February 4, 1985, by a pleading entitled "State's Response to Order Granting Defendant's Motion for New Trial", the State alleged that appellants' motions for new trial had contained no certificates of service; that the District Attorney's office had never received a copy of the motions; that the District Attorney was never served; that the trial court informed the assistant district attorney on the case that no hearing had been conducted on the motions which were granted in chambers; that Art. 40.06, V.A.C.C.P.[1], grants the State a right to be heard on motions for new trial; that such right is meaningless if the State is not served; that, had the State been served with the motions, a vigorous opposition would have been launched including the citation of authority showing the motions should be denied; and that the trial court's action was fundamentally unfair to the State and the victim.

On February 7, 1985, appellants filed writs of habeas corpus, arguing the trial court's action in setting the causes for another trial violated constitutional prohibitions against double jeopardy. See *Ex Parte Robinson*, 641 S.W.2d 552, (Tex.Cr. App.1982). On February 8, 1985, the parties appeared before the trial judge, who asked defense counsel whether he served the State. Defense counsel replied that, as best as he could recall, he believed he did and that it was his general practice to hand deliver pleadings to opposing counsel where there was no written certificate of service attached. Defense counsel, however, told the court, "I could not swear under oath that I did." Counsel for the State told the court he had searched his files and found no indication of the filing of the motions. Appellants' attorney told the court that the formal sentencings had been set for November 30, 1984, and that after he filed the motions on November 27, 1984, the State should have known "something had happened" to prevent the sentencings as scheduled. Appellants' attorney claimed that he and the prosecutor had discussed "on several occasions" the fact that the motions for new trial would be overruled by operation of law before the first of the new year. The prosecutor, at one point in the record, stated that he had no recollection of ever having received notice of any kind.

The trial judge's oral ruling was as follows: "You're required to serve the motion on the State, and I'm striking the ... motion[s] for new trial ... So without those, I cannot grant [them].... There's nothing I can act upon since it should not have been granted." The trial judge stated earlier in the hearing that he granted the motions when the State did not have an opportunity to respond, "unbeknownst to the court that it had not been served." Appellants gave notice of appeal.

On the same day, February 8, 1985, the trial court entered a written order which determined that defense counsel failed to serve the State, that such failure was an act of "bad faith and that counsel's action worked a fraud on this Court." The trial judge also found his own action in granting the motions was "improvident". It was therefore ordered that the motions for new trial be struck, the orders granting them abated, and the judgments of guilty "reinstated".

---

1. Art. 40.06, supra, provides:
   The State may take issue with the defendant upon the truth of any cause set forth in the motion for a new trial; and in such case, the judge shall hear evidence, by affidavit or otherwise, and determine the issue.

In response to the habeas corpus actions, the trial court on February 8, 1985, also entered Findings of Fact and Conclusions of Law which are detailed in the opinion of the Court of Appeals on original submission and need not be restated in full or at this point. For purposes of this chronology, the findings and conclusions reiterated the trial court's verbal and written pronouncements made on February 8, 1985, after the hearing.

■ The Court of Appeals held the trial court was correct in concluding that defense counsel had *"in bad faith, misled the court in failing to serve his motion[s]."* *Moore,* supra, at 489 (emphasis added). The evidence cited to support this conclusion by the Court of Appeals was that the record established the defense attorney *"did not know* if he had delivered" the motions to the State. It was but a short step from there for the Court of Appeals to conclude appellants' counsel had committed "a fraud" upon the trial court which presumably was so material and so substantial that it served to defeat the very power of the trial judge to make a valid ruling on the motions for new trial. The actual holding of the Court of Appeals was that because of the "fraud" the trial court had no *authority* to consider or to grant the motions.

We do not agree. We are not dealing with a case in which evidence established a party affirmatively certified service was made on the opposing party and then knowingly failed to effect that service. Such a fact situation would come far closer to

establishing "bad faith".[2] Moreover, we fail to see how the trial court was "misled" in any way by counsel's *failure* to attach a certificate of service to the motions. To the contrary, the very absence of a statement of proof of service placed the trial court on notice—or should have—of the possibility that the State had not been served. Assuming *arguendo* that defense counsel did fail to serve the State, there is not a shred of evidence in the records before us to suggest the presence of the insidious trickery the trial court and the Court of Appeals seem to suggest.

Moreover, the very relief requested by appellants' attorney in the prayer for relief was that the trial court grant the motions for new trial *after a hearing.* There is neither allegation nor evidence in the record to suggest that the appellants' attorney was in any way responsible for the trial court's decision to grant the motion on a Saturday, as he did, out of the presence of both parties.

We hold the Court of Appeals erred in concluding the trial court's decision to grant appellants' motions for new trial was infected by misunderstanding resulting from any "fraud".[3] Without addressing the question of exactly what effect a proven "fraud" upon the court might have had upon the court's jurisdiction under the facts of this case, we hold the trial court had jurisdiction and authority to grant these timely filed motions for new trial. See *Garcia v. Dial,* supra at 528, n. 5.[4]

---

**2.** We mention this fact situation only to illustrate the absence of "bad faith" in the record before us. We do not mean to intimate whether, when or to what degree bad faith amounting to fraud upon the court would affect the trial court's *jurisdiction* in another case.

**3.** This Court, however, does not condone the failure of any party to serve pleadings and motions on all affected parties, irrespective of whether they are mailed or hand delivered. The State is entitled to be served with all motions and pleadings as is any other party. Every officer of the court has a duty to ensure that service is both certified and effected. Lawyers make mistakes, however, and oversights occur, and this Court is not prepared to elevate every error or oversight on the part of counsel or the trial court to the level of a jurisdictional defect.

See *State Ex. Rel. Bryan v. McDonald,* 681 S.W.2d 65 (Tex.Cr.App.1985). [wherein denial of State's statutory right to consent to bench trial is not jurisdictional.]

**4.** "Because jurisdiction relates not to the rights of the parties as between themselves, but rather to the power of the court over the parties and the subject matter of the litigation, *lack of jurisdiction and the improper exercise of jurisdiction are vitally different concepts,* and jurisdiction includes the power to determine a case either rightly or wrongly.

*If a court has jurisdiction* of the parties and subject matter *its determination* of the controversy *is not void no matter how erroneous the decision may be.* On the other hand, judicial action without jurisdiction is void; where the court is without jurisdiction it has no authority

Having determined that the trial court had the jurisdiction to enter the orders granting the new trials, we move to the dual question of whether the trial court had the authority to rescind the orders (or "strike" the pleadings as the trial judge mentioned) or whether he erred by failing to grant appellants' jeopardy motions and enter judgments of acquittal.

■ Prior to discussing these two questions as they relate to jeopardy, we note that the Court of Appeals, without citation of authority, held that Rule 211 of the "Texas Rules of Post Trial and Criminal Appellate Procedure" (sic) permitted the interplay of Rules 21 and 73 of the Texas Rules of Civil Procedure to authorize the trial court's action here in rescinding the orders granting the motions for new trial. Tex.Cr.App.R. 211,[5] contained in the Texas Rules of Post Trial and Appellate Procedure in Criminal Cases (See Tex.Cr.App.R. 1), states:

> Where not inconsistent with the Code of Criminal Procedure and these rules, as they now exist or may hereafter exist, the Rules of Civil Procedure shall govern proceedings in the courts of appeals in criminal cases.

By its own import, this rule applies to proceedings in the courts of appeals only, not in post trial proceedings in trial courts. The Court of Appeals' attempt to bootstrap Tex.Civil Procedure Rules 21 and 73 onto this rule is not authorized by the rules.

■ We now address appellants' claim that jeopardy bars their retrial. The principle that the double jeopardy clause of the Fifth Amendment of the United States Constitution bars retrying a defendant whose conviction in the prior trial was reversed solely for lack of sufficient evidence was most clearly elucidated in *Burks v. United States*, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1, 9 (1978), wherein it is stated:

> The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.[6]

> [6] ... [W]here the Double Jeopardy Clause is applicable, its sweep is absolute. There are no 'equities' to be balanced, for the Clause has declared a constitutional policy, based on grounds which are not open to judicial examination.

The Supreme Court stated further that where a reviewing court has found the evidence legally insufficient and therefore the Double Jeopardy Clause precludes a second trial, the only remedy available for the court is to enter a judgment of acquittal.

It is clear that the Double Jeopardy Clause also bars any retrial of a case once a judge grants a motion for new trial based solely on insufficiency of the evidence. *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). These cases teach us that once the trial judge grants a motion for new trial based solely on insufficiency of the evidence, the only further action permitted by the Double Jeopardy Clause is the entry of a judgment of acquittal. To allow a trial judge to change his ruling and deny the motion having once granted it is, in our view, just as violative of the Double Jeopardy Clause as allowing a trial judge to change his ruling and find a defendant guilty having once found him not guilty.

In accord, Article 1.11, V.A.C.C.P., provides:

> An acquittal of the defendant exempts him from a second trial or second prosecution for the same offense, *however irregular* the proceedings may have been.... (emphasis added).

Texas caselaw also supports this holding. It is well-established in Texas that, absent clerical errors, a trial court cannot rescind an order granting a new trial. See *Ex parte Drewery*, 677 S.W.2d 533 (Tex.Cr. App.1984); *English v. State*, 592 S.W.2d 949 (Tex.Cr.App.1980); and *Matthews v. State*, 40 Tex.Cr.R. 316, 50 S.W. 368 (1899). There is nothing in the record before us

to render any judgment other than one of dismissal...." 15 Tex.Jur.2d § 50, pp. 475–477.

5. This rule has been repealed. See now Texas Rules of Appellate Procedure, effective September 1, 1986.

that indicates the trial judge made a clerical error in granting the motions for new trial. See *English*, supra, (trial judge not even aware that he was granting a motion for new trial when he signed the order).

Moreover, the trial judge lacked the power to rescind his order granting the new trials because at the point each appellant was so acquitted, the "controversy" concerning their guilt of the charged crimes lapsed, and along with it, the jurisdiction of the trial court. *Garcia v. Dial,* supra. See also *State Ex. Rel. Holmes v. Denson,* 671 S.W.2d 896 (Tex.Cr.App.1984); and *Haley v. Lewis,* 604 S.W.2d 194, 196 (Tex.Cr.App.1980). The trial court, therefore, no longer had jurisdiction over the cases, except to enter judgments of acquittal discharging appellants under Art. 42.01, V.A.C.C.P. Accordingly, the orders rescinding the orders granting the new trials and reinstating the convictions were absolutely void and, therefore, of no effect. *Garcia v. Dial,* supra. Since there were no convictions, there was nothing to appeal.

The judgment of the Court of Appeals is reversed and these causes are remanded to that Court with orders to instruct the trial court to vacate the orders reinstating the convictions and to enter in each cause judgments of acquittal consistent with the granting of appellants' motions for new trial.

It is so ordered.

WHITE, J., dissents.

W.C. DAVIS, Judge, dissenting.

Everyone would agree, notwithstanding the opinion by the Court of Appeals, that the trial court had *jurisdiction* to grant or deny the motions for new trial; the problem appears with the issues here resolved in favor of appellants after discussion of the "threshold" issue. From jurisdiction, we slide through the issue of *authority*, or lack thereof, of the trial court to rescind a patently mistaken order granting the motions for new trial. Finally, we are told that double jeopardy considerations demand acquittal for the two appellants con-

victed of injuring their step-child under Penal Code, § 22.04.

The trial judge in the present case filed findings that defense counsel acted in "bad faith" by failing to serve the State, thereby effectively foreclosing from the State its statutorily guaranteed opportunity to respond and controvert the motion. See Art. 40.06, V.A.C.C.P., now repealed and codified as Texas Rules of Appellate Procedure, Rule 31(b).

At the hearing held after the State filed a "Response" to the trial court's action in granting the motion, defense and prosecuting attorneys were asked if appellants' post-trial motion had been served upon the State. Defense counsel equivocated, but referenced his remarks with the statement that he could not swear under oath that he had served the State with a copy of the motion. The time frame we're concerned with is not one we would normally associate with such a lack of memory, and the lack of a certificate of service with appellants' motion no doubt bolstered the trial court's findings. It was this failure to provide notice to the State that led to the trial and appellate court's conclusions that the trial judge was "defrauded" into signing the order.

Without going into the logic behind such a finding, discussion of "bad faith" or "fraud" merely serves to distort the real issue at bar—whether the State is entitled to notice and if so, the effect of the trial court's rescission of the order granting appellant's motion.

As earlier stated, Art. 40.06, then in effect at appellant's trial, provides the State with the statutory opportunity to controvert a criminal defendant's motion for new trial. Implicit in that statute is the fact that, before the State may exercise the opportunity to controvert the particular pleading, it must first have *notice* of the motion so that matters alleged within may be contested. Here, the State did not become aware of the trial court's action in granting appellant's motion until after the order was signed.

Once signed, the majority now says there is no possibility of rescission since any er-

ror was not "clerical" in nature. Then, even if the error was clerical in nature, we find that granting of the motion on the grounds of insufficient evidence automatically acted to acquit the defendants, divest the trial court of jurisdiction in the case, and make any reason for rescission, however otherwise valid, moot. As authority for the rule that the Double Jeopardy clause bars retrial where a motion for new trial based upon sufficiency of the evidence is granted, we are referred to *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). We are then directed to statutory and case authority from this state which "supports this holding."

In *Hudson*, supra, the Supreme Court held that *Burks v. United States*, 437 US. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) precluded retrial of the defendant for murder. The trial judge in *Hudson*, supra, had granted a motion for new trial, clearly stating for the record the sole ground that the evidence was legally insufficient. *Burks*, supra, applied because the new trial was granted "due to a failure of proof at trial." *Burks*, 437 U.S. at 16, 98 S.Ct. 2141, 57 L.Ed.2d 1.

The reasoning of the Supreme Court, as this Court has noted,

> ... was based upon the simple proposition that if the evidence was insufficient the trial judge should not have submitted the cause to the jury for its consideration, and even if improperly submitted to the jury, the jury should have acquitted.

*Chase v. State*, 573 S.W.2d 247, 248 (Tex. Cr.App.1978) (panel op.). Compare with the instant cause where no such record statements were made.

In this state, the rule regarding the "finality" of a trial court's action in granting a new trial was promulgated in *Matthews v. State*, 40 Tex.Cr.R. 316, 50 S.W. 368 (1899). Reading pertinent statutes and provisions together, that court believed "it was intended" such an action to be final. However, that Court left the door open for exceptions to this "rule" when it said:

> We are not now holding (because that question is not before us) that it would not be competent for the court, after having overruled the motion for new trial at a former day of the term, to again call the case up, and grant such motion; and we concede that, if the court can do this, it affords a reason why it might do the other. 50 S.W. at 369.

It is worthy to note that neither constitutional, statutory nor common law prevented rescission of an order granting new trial at the time *Matthews*, supra, was written, except where the original verdict ended in acquittal. With some difference as to time tables, the provisions regarding new trials today remain distinctly similar to those summarized by the *Matthews* court, with the end result that the effect of granting such a motion is to "place the cause in the same position in which it was before any trial had taken place." Id.

In *English v. State*, 592 S.W.2d 949 (Tex. Cr.App.1980) this Court upheld a rescission order where the trial judge "unknowingly" signed a new trial order. We distinguished the situation from that found in *Matthews*:

> In *Matthews* it appears that the trial court granted the defendant's motion for new trial, then attempted to set aside its order because it had been under a 'misapprehension of the evidence complained of by defendant in his motion for new trial.' The instant case is distinguishable. The court in this case did not knowingly grant the motion for new trial and then decide to retract its decision. The court was not even aware that it was granting a motion for new trial when it signed the order. No hearing was held in this case; no evidence was adduced from which the court could have knowingly granted a new trial. The signing of an order form is not all there is to granting a new trial.
>
> Further, the court's error in this case does not strike us as a judicial error, as certainly was the case in *Matthews*. The error here is more akin to clerical error, which can be corrected. Compare the trial court's authority to correct an improper entry of its judgment. *White v. State*, 543 S.W.2d 130 (Tex.Cr.App.1976); *Savant v. State*, 535 S.W.2d 190 (Tex.Cr. App.1976).

Id. at 955, 56.

We distinguished the situation in *English* from that in *Matthews*, both supra, because in *English*, supra, the trial judge "never knowingly granted a new trial, but only signed the order form by mistake." Thus, the possible flexibility of the rule, recognized in *Matthews*, supra, to allow rescission under certain circumstances, came full circle in *English*, supra, and has been since cited as the "clerical" exception to the general rule disallowing rescission of an order granting a defendant's motion for new trial. See *Ex Parte Drewery*, 677 S.W.2d 533 (Tex.Cr.App.1984).

In the instant case, we are dealing with error of a related sort. Unlike the situation in *English*, supra, ostensibly we are faced with the situation where the trial judge knowingly signed the order granting a new trial. However, it is also clear from the record that the trial court signed said order "by mistake," because he was under the mistaken belief that service had been rendered and the parties joined in the proceeding, the State to all outward appearances having chosen not to controvert the motion before him. Thus, how can we now say that the motion was granted "knowingly" if the act was performed *without* full knowledge and with false consciousness as to the surrounding circumstances. We are not, after all, faced with a case where the judge attempted to set aside his order because it was made under a "misapprehension of the evidence"; the instant case presents a case where the trial judge was under a misapprehension that the State had notice of the motion and apparently just failed to take issue with the arguments contained therein. It is this important issue of notice, implicating fundamental concerns of due process and due course of law, that distinguishes the record facts in the present cause from those in other cases drawing the "clerical" versus "judicial" error distinction.

This Court has recognized the necessity for the State to be served with a motion for new trial in the context of Art. 40.03(7) and (8), V.A.C.C.P., now rule 30(b)(7) and (8), supra. In *Harvey v. State*, 201 S.W.2d 42 (Tex.Cr.App.1947), the Court stated:

> An essential element of such a (new trial) motion is that the matter or error relied upon for a new trial must be specifically set forth therein.... The wisdom of that rule lies in the fact that reasonable notice should be given not only to the trial court but *the State*, as well, as to the misconduct relied upon and *to prevent a purely fishing expedition on the part of the accused.* 201 S.W.2d at 45 (citations omitted) (emphasis supplied).

More recently, we decided *Trout v. State*, 702 S.W.2d 618 (Tex.Cr.App.1985) on State's Motion for Rehearing. Factually similar to *Harvey*, supra, the appellant there raised and was allowed to argue at the hearing on his motion for new trial an additional instance of jury misconduct unpled in his motion but included in the supporting affidavits. The State objected, arguing that "there was insufficient notice given to prepare a rebuttal." Id at 619. The Dallas Court of Appeals, in an unpublished opinion, held the affidavits gave the State and the trial court adequate notice of the facts relied upon as grounds for new trial. We disagreed and reversed that court's judgment:

> We hold to the principles announced in *Harvey v. State*, 150 Tex.Cr.R. 332, 20 S.W.2d 42, 45 (1947). In *Harvey*, the court, discussing a motion for new trial alleging jury misconduct, included that 'reasonable notice should be given not only the trial court but the State as well, as to the misconduct relied upon....' An instance of jury misconduct included in a supporting affidavit but not in the motion for new trial is not 'reasonable notice.' 702 S.W.2d at 620.

"Proper notice" in *Harvey* and *Trout*, both supra, required the defendant to apprise the trial court and the State, within the four corners of the motion, the arguments and evidence to be relied upon by the defense. Absent such notice, the improper evidence was not "properly presented by the motion for new trial, should not have been entertained by the trial court at the hearing on the motion for new trial and was not properly preserved for appeal." Id.

While notice of *additional* evidence or argument has been deemed essential by this Court, the *Harvey* and *Trout*, both supra, opinions presume that initial notice was provided the State. I do not see a different result in either cited case if either of those appellants had failed to initially give notice of their original motions; the notice problem would merely be exacerbated.

The error in the instant case is plainly one of the defendant's failure to prove *any* notice to the State of *any* portion of the motion for new trial. When such is the case, the better rule is to follow the authority of *Harvey* and *Trout*, both supra, by finding the motion to have not been properly presented, entertained or presented on appeal. Any other result, such as the majority's narrow analysis of the trial court's jurisdiction without review of that court's exercise of authority under mistake or error directly caused by appellant, inexcusably allows manipulation of the judicial process and an inequitable solution to a problem which, if occurring to a criminal defendant, would be amenable to correction or dismissal. Here, there is no question as to the trial court's jurisdiction of the matter; issue is taken in the authority by which a post-trial motion should be entertained. Just as in the case where an appellant alleges grounds of jury misconduct, so should we apply the same notice requirements to the ground for new trial where it is claimed the evidence "is contrary to law and evidence." [1]

For the foregoing reasons, I respectfully dissent.

ONION, P.J., joins.

---

**1.** The State's right to appeal from an order granting a new trial is now embodied in Art. 44.01(a)(3), V.A.C.C.P. Although the cited statute does not expressly require notice to the State under a situation similar to that before us, the State is entitled to appeal a ruling on a "question of law" where a defendant is convicted and appeals. The provisions of Art. 40.06, supra, now Rule 31(b), would appear to present such a cognizable claim. But before the State may exercise its right to appeal, logic dictates the State must be apprised of new trial pleadings, else the statute is meaningless.