Daniel **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–91–024–CR.

Court of Appeals of Texas,
Texarkana.

July 28, 1992.

Discretionary Review (State)
Granted Nov. 4, 1992.

Discretionary Review (Appellant)
Refused Nov. 4, 1992.

Paul C. Looney, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County Courthouse, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

BLEIL, Justice.

Daniel Rodriguez raises various issues on this appeal from his conviction of indecency with a child. The pivotal issue is whether the trial court's declaration of a

---

mistrial requires that the judgment be reversed. We conclude that it does.

During trial, the defense called Rodriguez to testify on his own behalf. When the court asked that he raise his hand to be sworn, he indicated that he had already been sworn—apparently with the rest of the witnesses at the beginning of the trial. The trial court nevertheless indicated that it did not see him sworn and required that he be sworn again. When Rodriguez was sworn again, his defense attorney, Patricia Saum, asked to approach the bench, whereupon the following occurred between Saum, the trial court and the prosecutor, Marie Munier:

MS. SOLM (sic): I object to you swearing him again and making the comment that you didn't see him sworn. I feel it's prejudicial against my client, to somehow not give him belief, credence when he says he did take the oath. I object to it and want it made a part of the record.

THE COURT: I'm sorry. Are you moving for a mistrial?

MS. SOLM (sic): Yes, I am

THE COURT: Do you really want it?

Let me ask the jury to retire again for a moment, please.

(Whereupon the following proceeding was had outside the presence and hearing of the jury.)

MS. SOLM (sic): Yes, Judge, I really do think it's a comment on his credibility and I think you're right.

THE COURT: I think you're right. I made an error.

MS. MUNIER: I think a limited instruction to the jury that you did not observe him sworn and you wanted him to be sworn as a witness and a comment that it has nothing to do with him as a defendant.

Judge, we've been in trial a week and you realize that child is going to have to testify again.

MS. SOLM (sic): I just think with the jury sitting right there, he told you twice, I've done it, and then you say I didn't see you, I just think it's a comment on his credibility.

THE COURT: I think you're correct. Mistrial is granted.

Then, the jurors were brought back into open court. Before the trial court addressed the jury, prosecutor Munier asked for a bench conference. Then the following proceedings occurred:

MS. MUNIER: I would like it clear on the record that Daniel Rodriguez also concurs with this and it's what he wants to do.

(In the hearing of the jury)

THE COURT: I'm sorry, ladies and gentlemen. Let me let you step out again.

(Whereupon the following proceeding was had outside the presence and hearing of the jury)

MS. SOLM (sic): I would like it— Would you tell the Court do you want a mistrial?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if a mistrial is granted that this will be tried again?

THE DEFENDANT: Un hum.

THE COURT: Probably next month?

THE DEFENDANT: Yes.

THE COURT: So, because I will give it a priority setting next month.

No?

MR. SMITH:[1] (Shaking head)

THE COURT: No? Why not, Mr. Smith?

(Whereupon Mr. Smith approached the Bench with a document which he handed to the Court.)

MS. MUNIER: Would you discuss it with Tim Taft?[2]

MS. SOLM (sic): Judge, may I listen so it's not an ex parte?

THE COURT: (Nods head.)

---

1. A J.R. Smith also represented Rodriguez at trial. This "Smith," in context, appears to be another person connected with the prosecution. His identity is not clear.

2. Taft's identity or function, if any, in the trial is not apparent from the record.

(Whereupon attorney for the State and attorney for defense picked up the telephone receiver.)

(Whereupon a [telephone] discussion was had off the record)

THE COURT: Now, may—

MS. SOLM (sic): Are you going to instruct them to disregard or—

THE COURT: Do you want me to? Do you want me to point at it? I would withdraw my ruling.

MS. SOLM (sic): I don't think I have any choice. It's not what I want to do, no. I think it makes it's (sic) worse. I just think it's an awful thing to happen.

(Whereupon the jury was brought into the courtroom)

THE COURT: Members of the Jury, I had asked Mr. Rodriguez to take the oath. The only thing that was behind that was that on the first day when everybody takes the oath I hadn't seen him and I certainly should have immediately taken his word for it, so, please, there was nothing whatsoever behind my asking him to take the oath in your presence and I would ask you to disregard it for any reason whatsoever.[3]

Thereafter, Rodriguez testified and the trial continued.

This record shows that the court granted a mistrial and the "rescinding" of that order does not appear in the statement of facts. On this factual basis, the proceeding could be treated as if a mistrial had been granted and no order "rescinded" that mistrial, thus requiring a reversal of the judgment.

■■■ Our decision, however, rests further on a legal basis. Ordinarily, a declara-

tion of a mistrial renders a pending trial a nugatory proceeding. *See* 58 Am.Jur.2d *New Trial* § 10 (1989); 75B Am.Jur.2d *Trial* § 1713 (1992); 23 Tex.Jur.3d *Criminal Law* § 2951 (1982). While few reported Texas cases deal with mistrials declared in similar circumstances, the granting of a mistrial has been said to be functionally indistinguishable from an order granting a new trial. *See State v. Garza,* 774 S.W.2d 724, 726 (Tex.App.—Corpus Christi 1989, pet. ref'd); *see also Meyer v. State, ex rel. Lefler,* 372 S.W.2d 764, 766 (Tex.Civ.App.—Beaumont 1963, no writ). The law with regard to rescinding an order granting a new trial is well established. Absent clerical errors, a trial court cannot rescind an order granting a new trial. *Moore v. State,* 749 S.W.2d 54, 58 (Tex.Crim.App. 1988); *see English v. State,* 592 S.W.2d 949, 955 (Tex.Crim.App.1980); *Matthews v. State,* 40 Tex.Crim. 316, 50 S.W. 368, 369–70 (1899).

■■■ Nothing in the record indicates that the trial court made a clerical error in granting the motion for mistrial. The granting of the mistrial was not in the nature of a misstatement. The trial court expressed its opinion that it had erred.[4] It indicated that a mistrial might be granted, discussed the matter with Rodriguez and his attorney and, after discussion, deliberately granted the mistrial. Thus, the order, if any, rescinding the order granting the mistrial was void and of no effect. *See Moore v. State,* 749 S.W.2d at 59. We hold that any order rescinding the declaration of a mistrial was void, and the case stands just as if a mistrial had been granted.[5] We conclude then that the court granted a de-

---

3. Although exactly what occurred after the mistrial was granted does not appear from the record, the parties represent in their briefs that the trial court rescinded its ruling. An entry in the trial court's minutes lends support to such a conclusion. The entry for the day reads in part that:

    At 10:10 AM Court came to order the Jury was seated and defense continued testimony. At 11:05 AM defense made a motion for mistrial which the Court granted. After further arguments the Court changed her mind and did not grant the defense motion for mistrial. At 11:20 AM defense continued testimony.

4. We express no opinion about whether a mistrial was necessary under the circumstances.

5. It is not necessary to address most of the other issues raised. Points of error were raised which challenge the sufficiency of the evidence. We have carefully considered all points of error which do not relate to the mistrial issue which we have addressed. All other points of error are overruled, and we specifically find that the evidence is legally and factually sufficient to support the verdict.

fense motion for mistrial grounded on judicial error. Because the mistrial was not grounded on insufficient evidence and because we find that sufficient evidence supports the verdict, there is no prohibition against trying Rodriguez again for this charge. *See Zimmerman v. State,* 750 S.W.2d 194, 209–11 (Tex.Crim.App.1988); *see also Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

The judgment is reversed, and the cause is remanded to the trial court for trial.