**Daniel RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1284–92.**

Court of Criminal Appeals of Texas, En Banc.

April 28, 1993.

---

Paul C. Looney, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ernest Davila and Marie Munier, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted by a jury of indecency with a child and his punishment was assessed at seven years confinement, probated, and a $5000.00 fine. On appeal he contended, *inter alia,* that the trial court erred to continue on with his trial after having granted a mistrial in the cause. The Texarkana Court of Appeals agreed, holding that once the trial court granted the mistrial, it was without authority to rescind that order, and reversed. *Rodriguez v. State,* 834 S.W.2d 610 (Tex. App.—Texarkana 1992). We granted the State's petition for discretionary review to determine the novel question whether the trial court had authority to rescind its grant of a mistrial. Tex.R.App.Pro., Rule 200(c)(2).

During the presentation of defensive evidence, the trial court granted defense counsel's motion for mistrial based upon a comment the trial judge made in front of the jury.[1] After the mistrial had been granted but before the trial court had addressed the jury to explain what had occurred, the prosecutor asked for a bench conference. Out of an abundance of caution, the trial court removed the jury from the courtroom. The ostensible purpose of the conference was to make sure appellant understood that because he had requested the mistrial, he could be retried. However, at one point during the conference, the State turned the discussion back to the appropriateness of the trial court's order of mistrial. After further discussion off the record, the trial court withdrew the order. The trial court then brought the jurors back into the courtroom and instructed them to disregard its earlier, objectionable comment. The trial resumed, and ultimately appellant was convicted.

The court of appeals held that the trial court's declaration of a mistrial required that the subsequent judgment be reversed. Initially, the court of appeals noted that the trial court never expressly "rescinded" its order of mistrial. The court of appeals observed that "[o]n this factual basis, the proceeding could be treated as if a mistrial had been granted and no order 'rescinded' that mistrial, thus requiring a reversal of the judgment." *Rodriguez v. State,* supra, at 612. Despite this potential "factual basis" for reversal, the court of appeals declared that its "decision ... rests further on a legal basis." Thus, the court of appeals held "further" that the trial court was not authorized to withdraw its pronouncement of mistrial and "the order, if any, rescinding the order granting the mistrial was void and of no effect." *Id.*

Appellant argues that we need not reach the "legal basis" for the court of appeals' opinion. He maintains that the State has failed to challenge what he deems to be an alternative, "factual basis" for its decision, and that, given this alternative basis for decision, any ruling we might make on the issue we granted discretionary review to address would be purely advisory. We do

---

1. For a more complete recitation of the facts, see the court of appeals' opinion. *Rodriguez v. State,* supra, at 611–12. We express no opinion as to whether a mistrial was necessary under the circumstances.

indeed note an ambiguity in the court of appeals' opinion. However, when the court of appeals declared that its decision "rests *further* on a legal basis[,]" we take that to mean the court eschewed the potential "factual basis" for decision in favor of its subsequent legal analysis.[2] We therefore proceed to the question for review, *viz:* whether a trial judge has authority to rescind or withdraw an order of mistrial.

■ As the court of appeals noted, this is indeed a question of first impression. Because of the absence of cases addressing this issue, the court of appeals was obliged to resort to analogy. Accordingly, the court of appeals cited *State v. Garza*, 774 S.W.2d 724 (Tex.App.—Corpus Christi 1989, pet. ref'd), and reasoned that the trial court's order of mistrial was "functionally indistinguishable" from an order granting a new trial. The authority of the trial court to rescind an order of mistrial is therefore limited by the "well established rule" that, absent clerical errors, an order granting a new trial cannot be rescinded. *Matthews v. State*, 40 Tex.Cr.R. 316, 50 S.W. 368 (1899).

The court of appeals' analogy is flawed. In *State v. Garza*, supra, the Corpus Christi Court of Appeals concluded that the trial court's *post-verdict* mistrial ruling was functionally indistinguishable from an order granting a new trial; therefore, the State could appeal from the granting of the

motion for mistrial. See Article 44.01, V.A.C.C.P. The court of appeals held that because the order of mistrial set aside the jury's verdict of guilt, "the trial court's order, in substance, was one granting a new trial." *State v. Garza*, supra, 774 S.W.2d at 726; See Tex.R.App.Pro., Rule 30.[3] Nevertheless, the court of appeals recognized that generally a motion for mistrial and a motion for new trial are not the same. Indeed, although nowhere expressly provided for in the Code of Criminal Procedure, an order of mistrial ordinarily occurs before completion of the trial and the rendition of judgment. An order for new trial, however, comes only after sentence is imposed in a completed trial. Tex.R.App. Pro., Rule 31. Unlike the unusual order of mistrial in *Garza*, the trial court's order of mistrial in the instant cause did not set aside a jury's verdict, but occurred mid-trial, prior to any finding or verdict of guilt. Under these circumstances, it cannot be said that the trial court's ruling was "indistinguishable" from an order of new trial.

In any event, whether or not a mistrial and an order granting a new trial are invariably "functionally indistinguishable," we are not persuaded that *Matthews*, supra, prohibits the trial court's actions in the instant case. In *Matthews*, this Court interpreted the then-extant criminal statutes concerning new trials and concluded that

2. Moreover, it must be questioned whether a formal order rescinding the order of mistrial need appear in the record. That the trial court proceeded with the trial despite its earlier order of mistrial would seem to count as a de facto rescission.

    (All emphasis supplied unless otherwise indicated).

3. *State v. Garza*, supra, involved very unusual facts. After the jury found the defendant guilty, the trial court ordered a pre-sentence investigation and scheduled a punishment hearing. The day before the hearing, the parties appeared in court. Defense counsel informed the trial court that a juror he had peremptorily struck from the jury panel had erroneously served on the jury. He then requested a mistrial. The State argued that the defendant had waived any error by not objecting before the jury was sworn; nevertheless, the mistrial was granted. Subsequently, the State filed a motion for the trial

court to reconsider its ruling, asserting that a new trial would violate the defendant's double jeopardy rights. The trial court denied the State's motion and defendant's new trial followed. At the new trial, the defendant pleaded guilty; however the State refused to present evidence, again asserting that the new trial was barred by double jeopardy. Because the State offered no evidence at the new trial, the trial court granted the defendant's motion for a directed verdict. The State appealed from the trial court's initial order of mistrial. The court of appeals held that while the State could appeal the trial court's order of mistrial, inasmuch as it was, under the circumstances, "functionally indistinguishable" from an order granting a new trial, any appeal was moot "because the trial court proceeded with the defendant's case, a new trial was held, and a final judgment was entered in this case before the State made any effort to appeal the trial court's interlocutory ruling." *Id.*, 774 S.W.2d at 727.

"it would appear that the granting of a new trial in a criminal case is a finality, and not subject to a reconsideration during the term." *Id.*, 50 S.W. at 369. Consequently, we held the trial court did not have authority to set aside or overrule its order granting a new trial. However, the Court did not cite any case authority in support of this holding. And it is far from obvious that our provisions governing motions for new trial, then or now, would dictate such a rule.[4]

In the few cases in which this Court has revisited *Matthews*, there has yet to be a clear explanation for the trial court's lack of authority to vacate its order granting a new trial. In every case the rule set out in *Matthews* has been applied without question or further explication of its rationale. See *Moore v. State*, 749 S.W.2d 54 (Tex.Cr. App.1988); *English v. State*, 592 S.W.2d 949 (Tex.Cr.App.1980); *Davis v. State*, 394 S.W.2d 521 (Tex.Cr.App.1965); *Alexander v. State*, 129 Tex.Cr.R. 500, 89 S.W.2d 411 (1936). Our decision in *Moore* provides perhaps the clearest explanation for such a rule. There we held that a trial court did not have authority to rescind its order granting a new trial when the grant of new trial was based solely on insufficiency of the evidence. Under those circumstances, the court no longer had jurisdiction over the case because the grant of new trial was equivalent to an acquittal and "to allow a trial judge to change his ruling and deny the motion having once granted it" would violate principles of double jeopardy.

*Moore*, 749 S.W.2d at 58. This rationale is limited to new trials granted on the basis of legally insufficient evidence, however, and does not fully justify the holding in *Matthews*.

Moreover, the holding in *Matthews* does not appear to be the majority view among jurisdictions that have decided the question. A majority of the states are of the view that a trial court does have power to rescind its order granting a new trial in a criminal case. See Annotation, Power of Trial Court or Judge to Revoke Order Granting New Trial in Criminal Case, 145 A.L.R. 400 (1943). Nevertheless, without a better explanation for why a trial court may not rescind an order granting a new trial, we are reluctant to extend that holding by analogy to prohibit a trial court from rescinding a mistrial order, especially where the two are not "functionally indistinguishable" as was the case in *Garza*.

Appellant argues further, and the court of appeals agreed, that the declaration of a mistrial has the practical effect of restoring the case to its pre-trial status, thereby rendering the pending trial a "nugatory proceeding." Appellant contends that "by virtue of such an order, the trial itself becomes a dead horse, not susceptible to resurrection." A similar argument was made to this Court with success in the context of the dismissal of an indictment. *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Cr.App.1980). In *Garcia* we held that once a trial court had dismissed the indictment against the accused, the jurisdiction of the

---

**4.** As we stated in *Matthews*, in 1899 the Texas criminal statutes governing motions for new trial provided:

"that a new trial is the rehearing of a criminal action after verdict, before the judge or another jury, as the case may be; and that in no case shall a new trial be granted where the verdict or judgment has been rendered for the defendant. New trials must be applied for within two days after conviction, and all motions for new trials shall be in writing, and shall set forth definitely the grounds upon which the new trial is asked. The State may take issue with the defendant upon the truth of the causes set forth in the motion for new trial, and in such case the judge shall hear evidence, by affidavit or otherwise, and determine the issue. In granting or refusing a new trial the judge shall not sum up or comment

on the evidence in the case, but shall simply grant or refuse the motion, without prejudice to either the state or the defendant. The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall not be regarded as any presumption of guilt, nor shall it be alluded to in the argument."

*Matthews v. State*, supra, 50 S.W. at 369; See Articles 815–824, C.C.P. (1895). Much of the language in the former provisions has been carried over into our current rules governing new trials. Tex.R.App.Pro., Rules 30–32. Manifestly, nothing in this language even purports to address the trial court's authority or lack of authority to rescind an order granting a new trial.

trial court was exhausted, and an order entered thereafter purporting to reinstate that cause was void. Unlike the dismissal of the indictment in *Garcia*, in the present context of an order of mistrial there is still an indictment to confer subject-matter and personal jurisdiction over the cause. Although a declaration of mistrial renders a pending trial a "nugatory" proceeding, this does not mean that following an order of mistrial the trial court has lost its jurisdiction over the cause, as was true in *Garcia*. Thus, at least as a matter of jurisdiction, the trial court does not lack authority to withdraw or rescind its order of mistrial. Appellant suggests, and we can conjure no other reason to hold that the trial court lacked authority to correct or modify its orders. That an order granting a mistrial that is *not* subsequently withdrawn does indeed have the effect of nullifying all proceedings to that point does *not* mean the trial court may not rescind that order, and continue with the trial, so long as that remains a viable option under the circumstances.

■ Here the trial court declared a mistrial, but that order was apparently withdrawn before the jury was discharged and presumably even before the jury was made aware of what exactly had occurred. On these facts, we hold that the trial court retained its authority to withdraw its order of mistrial. The court of appeals erred to conclude otherwise.

Accordingly, the judgment of the court of appeals is reversed and the cause remanded to that court for further disposition consistent with this opinion.[5]

**5.** In a footnote at the conclusion of its opinion the court of appeals summarily disposed of all other points of error raised on direct appeal, including a point of error raising legal sufficiency of the evidence. *Rodriguez v. State,* supra, 834 S.W.2d at 612, n. 5. Appellant filed a cross-petition for discretionary review complaining that this treatment of his remaining points of error did not meet the mandate of Tex.R.App. Pro., Rule 90, which requires that the opinion of a court of appeals "address every issue raised and necessary to final disposition of the appeal." We did not grant appellant's cross-petition. Nevertheless, rather than simply affirm the judgment of the trial court, we now remand the cause to the court of appeals for further disposition. Given the fact that we have reversed its judgment on State's petition for discretionary review, that court may choose to address appellant's other contentions on direct appeal in greater detail.