

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1197-13

**TORY LEVON KIRK, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### DALLAS COUNTY

KELLER, P.J., delivered the opinion of the unanimous Court. ALCALA, J., filed a concurring opinion.

In a prior decision, we suggested that there was a time limit on the trial court's power to rescind the granting of a new trial. We now conclude that there is no specific time limit on the trial court's power to do so.[1] Consequently, we reverse the judgment of the court of appeals.

---

[1] We do not address whether the trial court's ability to rescind an order granting a new trial could be affected by events occurring after the grant of a new trial, such as a State's appeal of the order granting a new trial or the start of the new trial. We need not address, for example, whether a State's appeal would temporarily prevent the trial court from rescinding an order granting a new

# I. BACKGROUND

## A. Trial Proceedings

The trial court revoked appellant's deferred-adjudication probation, adjudicated him guilty of aggravated robbery, and sentenced him to eight years' imprisonment. Appellant's sentence was imposed in open court on March 7, 2013. On March 20, appellant filed a "Motion for Commutation of Sentence," in which he requested a "time cut" and a new sentence of zero years. On March 25, appellant filed a notice of appeal. On May 17, the trial court entered an order granting a new trial on punishment. On May 20, the State filed a motion to rescind that order and requested that the trial court rule on the State's motion no later than May 21. The trial court signed an order rescinding its order granting a motion for new trial on punishment on May 22, seventy-six days after the imposition of sentence.

## B. Appeal

Appellant subsequently filed a motion to dismiss his appeal on the ground that the trial court's latest order (rescinding the previous order granting the motion for new trial on punishment) was untimely. Relying upon our decision in *Awadelkariem v. State*,[2] the court of appeals agreed, holding that the trial court lacked jurisdiction to rescind the order granting a new trial on punishment because the rescinding order was entered more than seventy-five days after the judgment of

---

trial by depriving the trial court of jurisdiction of the case while the appeal is pending. Nor, for example, do we need to address whether a defendant's double-jeopardy rights would affect a trial court's ability to rescind an order granting a new trial after the new trial has begun.

[2] 974 S.W.2d 721 (Tex. Crim. App. 1998).

conviction had been imposed.[3] The court of appeals held that the granting of the new trial on punishment was never rescinded and the case was therefore restored to its position after the defendant was found guilty.[4] As a result, the court of appeals concluded, no final, appealable judgment remains over which the court of appeals could have jurisdiction.[5]

## II. ANALYSIS

In its third ground for review, the State seeks to overturn our prior pronouncement in *Awadelkariem* that a trial court's ability to rescind an order granting a motion for new trial is limited to seventy-five days after the trial court's judgment.[6] The issue in *Awadelkariem* was not how much time a trial court had to rescind an order granting a motion for new trial; it was about whether the trial court could rescind such an order at all.[7] We partially overruled a line of cases, beginning with *Matthews v. State*,[8] that held that the trial court lacked the power to rescind such an order.[9]

---

[3] *Kirk v. State*, No. 11-13-00130-CR, 2013 Tex. App. LEXIS 8466, *2-6 (Tex. App.–Eastland July 11, 2013) (not designated for publication).

[4] *Id.* at *5.

[5] *Id.* The court of appeals later issued an opinion denying the State's motion for rehearing. *Kirk v. State*, No. 11-13-00130-CR, 2013 Tex. App. LEXIS 9880 (Tex. App.–Eastland August 8, 2013) (not designated for publication).

[6] *See Awadelkariem*, 974 S.W.2d at 726.

[7] *Id.* at 722.

[8] 40 Tex. Crim. 316, 50 S.W. 368 (1899).

[9] *Awadelkariem*, 974 S.W.2d at 725-28.

Matthews had concluded that such an order "ought to be regarded as final."[10]

In *Awadelkariem*, we disagreed. Noting that a trial court has seventy-five days in which to rule on a motion for new trial, we held that a trial court may rescind its order granting or denying a motion for new trial, as long as the rescinding order was made within that seventy-five-day window.[11] Part of our reason for disagreeing with *Matthews* was that the *Matthews* rule "creates a split between criminal and civil jurisprudence without a good reason for doing so."[12] In holding that a trial court could rescind an order granting a new trial, and in articulating the outer boundary for doing so (seventy-five days), we relied heavily upon caselaw from the Texas Supreme Court.[13]

The Supreme Court has since overruled prior caselaw to the extent that it imposed the seventy-five-day time limit.[14] The Supreme Court referred to the rule imposing a seventy-five-day time limit as "unique"[15] and observed, "Nowhere but Texas can one find a single appellate opinion

---

[10] 40 Tex. Crim. at 318, 50 S.W. at 369. In *English v. State*, we distinguished *Matthews* by holding that the rule of that case would apply only to situations involving judicial error and would not apply when a trial court had erroneously granted a new trial as a result of clerical error. 592 S.W.2d 949 (Tex. Crim. App. 1980). Under *Matthews* as modified by *English*, the prevailing rule, prior to *Awadelkariem*, was that a trial court was barred from rescinding an order granting a new trial "absent clerical errors." *Ex parte Drewery*, 677 S.W.2d 533, 536 (Tex. Crim. App. 1984).

[11] 974 S.W.2d at 728.

[12] *Id.* at 726.

[13] *See id.* at 726-27 (citing *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) and concluding that the case "carries persuasive weight concerning the issue at hand").

[14] *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 229-32 (Tex. 2008).

[15] *Id.* at 229.

discussing when a court can 'ungrant' a motion."[16]  Further, the Supreme Court found that the seventy-five-day rule stemmed from a provision that had long since been amended and that the rule was inconsistent with general rules of plenary power.[17]  When a new trial is granted, the Supreme Court observed, the case stands "the same as though no trial was had," and accordingly, the trial court should have the power to set aside a new trial order "any time before a final judgment is entered."[18]  The Supreme Court concluded, "There is no sound reason why the court may not reconsider its ruling granting a new trial at any time."[19]

Other state supreme courts have agreed with this conclusion in the context of criminal trials.[20] The California Supreme Court observed the non-final nature of an order granting a new trial:

---

[16]  *Id.*

[17]  *Id.* at 230.

[18]  *Id.* at 230-31.

[19]  *Id.* at 232 (quoting 6A JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE P 59.13[1], at 59-277 (2d ed. 1996)) (brackets and internal quotations marks omitted).

[20]  *People v. DeLouize*, 89 P.3d 733, 738 (Cal. 2004); *People v. Mink*, 565 N.E.2d 975, 978-79 (Ill. 1990) (upholding trial court's reconsideration and withdrawal of new-trial order and observing that "[a] court in a criminal case has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority"); *Ussery v. State*, 758 P.2d 319, 321 (Okla. Crim. App. 1988) ("A trial court may, at any time prior to the time final judgment is entered in a criminal prosecution, exercise its sound discretion and reconsider its interlocutory order granting or denying a motion for a new trial."); *People v. Weller*, 679 P.2d 1077, 1081 (Colo. 1984) ("[I]t would make little sense to hold that if a judge responsible for the final judgment perceived that a motion for a new trial had been granted erroneously, he nonetheless could not reconsider his order before final judgment is entered or a notice of appeal filed. It also would make little sense for us to require the expense and burdens of a new trial if the judge who originally ordered the trial believes that he erred in granting the new trial motion. . . . We agree that in some cases a district court might abuse its discretion by revoking its previous order granting a new trial, but here there was no abuse of discretion where the motion for reconsideration was filed nineteen days after the new trial was ordered and before it commenced.").

An order granting a new trial is not final in the sense of being a final resolution of the case or a final determination of the defendant's guilt or innocence. On the contrary, an order granting a new trial does not finally dispose of the matter. In a criminal case, the granting of a new trial places the parties in the same position as if no trial had been had. Thus, an order granting a new trial is an interim order in the sense that it requires further proceedings before the case may be resolved and judgment may be pronounced.[21]

The California Supreme Court further found practical reasons for allowing a trial court to rescind an order granting a new trial in criminal cases:

Because new trials substantially prolong criminal proceedings, allowing trial courts some authority to reconsider and to vacate orders granting new trials may lead to earlier resolution of the matter and thereby promote the interests underlying judicial finality rules. . . . If, as here, the trial court after reconsideration concludes that it erred in granting a new trial, and it reinstates the jury verdicts, then reconsideration avoids repetitive litigation of the charges and permits an earlier resolution of the case in the trial court by pronouncement of judgment. In this way, reconsideration of an erroneously granted new trial promotes confidence in the judicial system, conserves judicial resources, and spares the parties from the inconvenience and expense of a second trial.[22]

We find the rationales articulated by our sister court and courts from other states to be persuasive. Our rules of appellate procedure do not expressly prescribe a time limit for when a trial court can rescind an order granting a new trial in a criminal case. Rule 21.8 simply provides that a trial court "must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court" and that any motion "not timely ruled on by written order will be deemed denied" after expiration of the seventy-five-day period.[23] Although the rule clearly requires a trial court to

---

[21] *DeLouize*, 89 P.3d at 738 (quotations and citations omitted).

[22] *Id*. at 738-39.

[23] TEX. R. APP. P. 21.8(a), (c). *See also Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009).

either grant or deny a motion for new trial within a specific time period, it says nothing explicitly about how long a trial court would have, after granting such a motion, to withdraw or set aside its ruling granting a new trial.[24] In fact, as we observed in *Awadelkariem*, the current procedural rules do not even "'purport[] to address the trial court's authority or lack of authority to rescind an order granting a new trial,'" let alone impose a time limit on that authority.[25]

We followed the Supreme Court's lead in inferring a time limit to rescind the granting of a new trial from the rule that gives the trial court only seventy-five days to grant a motion for new trial.[26] But in overruling its prior cases, the Supreme Court recognized that its rule regarding motions for new trial imposes a time limit only on the granting of a new trial.[27] Because the same is true with respect to the counterpart appellate rule that applies in criminal cases, and for the reasons discussed above, we are now persuaded that we should abandon the time limit previously imposed in *Awadelkariem*. We continue to adhere to the holding in *Awadelkariem* that a trial court has the power to rescind an order granting a new trial, but we overrule *Awadelkariem* to the extent it held that this power was subject to a seventy-five-day time limit.

The Supreme Court noted that the seventy-five-day time limit for rescinding an order granting a new trial may have been designed to prevent the late reinstatement of a judgment from depriving a party of the ability to appeal, but the Court observed that this concern was adequately

---

[24] *See* TEX. R. APP. P. 21.8.

[25] 974 S.W.2d at 724 (quoting *Rodriguez v. State*, 852 S.W.2d 516, 519 n.4 (Tex. Crim. App. 1993)).

[26] *Id.* at 726, 728.

[27] *Baylor Med. Ctr.*, 280 S.W.3d at 230.

addressed by rules that allowed the appellate timetables to be reset.[28] We share this concern and hold that rescinding an order granting a new trial outside the seventy-five-day time limit results in re-calculating appellate timetables. In that situation, the rescinding order shall be treated as an "appealable order" under Texas Rule of Appellate Procedure 26.2, and appellate timetables will be calculated from the date of that order.[29] If the defendant previously filed a notice of appeal with respect to the trial court's judgment of conviction, that notice shall be treated as a prematurely filed notice of appeal with respect to the rescinding order,[30] and the defendant will be entitled to appeal, not only the trial court's decision to rescind the order granting a new trial, but also any issue that he could have appealed if the motion for new trial had never been granted.

We reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with our opinion.

Delivered: January 28, 2015
Publish

---

[28] *Baylor Med. Ctr.*, 280 S.W.3d at 231.

[29] *See* TEX. R. APP. P. 26.2(a)(1).

[30] *See* TEX. R. APP. P. 27.1(b).