SANDY JOE WALKER V. STATE OF TEXAS

NO. 07-00-0195-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 16, 2001

______________________________

SANDY JOE WALKER ,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 174
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 833889; HON. GEORGE GODWIN, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Sandy Joe Walker (appellant) appeals his felony conviction for driving while intoxicated.  Appellant’s first four points of error concern the legal and factual sufficiency of the evidence underlying the jury’s verdict.  In short, appellant contends that the State failed to prove either that 1) at the time he was operating a motor vehicle he had lost the normal use of his mental and physical faculties or 2) his blood-alcohol content was .10 at the time.  The fifth and final point involves the legal sufficiency of the evidence underlying the establishment of a prior felony used to enhance punishment.  Because the cause number and date of the offense established at trial differed from the one alleged in the indictment, the State allegedly failed to carry its burden of proof.  We affirm.

Standard of Review

The standards of review applicable to issues concerning the legal and factual sufficiency of the evidence are well-settled and need not be repeated.  Instead, we refer the parties to 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) for an explanation of same.

Application of Standard to Points One through Four

Appearing of record is testimony by an officer disclosing that appellant was stopped while driving a vehicle at 8:00 a.m.  The officer further testified that appellant smelled of alcohol, had blood-shot eyes, spoke with slurred speech, and admitted to drinking alcohol “last night.”  So too did this witness administer to appellant the horizontal gaze nystagmus test, which resulted in at least six clues indicative of intoxication.  Based on these indicia, the officer concluded that appellant’s mental and physical faculties were impaired due to the ingestion of alcohol and that the impairment was “about medium.”  Thereafter, at about 9:00 a.m., appellant underwent an intoxilyzer test which indicated that he had a blood-alcohol level of .123 or .124.  

The foregoing constitutes some evidence upon which a rational jury could conclude beyond reasonable doubt that 1) appellant’s blood-alcohol level equaled or exceeded .10 and 2) his mental and physical faculties were impaired by the ingestion of alcohol.  Thus, legally sufficient evidence supporting the verdict appears of record.  The fact that evidence was offered which placed into question the accuracy of the equipment used to determine appellant’s blood-alcohol level, or that he was not intoxicated, merely created issues of fact.  That evidence, however, did not render the ultimate verdict clearly wrong, manifestly unjust, or factually insufficient.

In sum, we overrule appellant’s first four points of error.

Application of Standard to Point Five

Appellant is effectively complaining about a variance between the offense alleged in the indictment for purposes of enhancement and the offense established at trial.  This variance allegedly rendered the verdict legally insufficient.  However, before that can be said to have occurred, the variance must be material and prejudicial.  
Fortson v. State
, 948 S.W.2d 511, 514 (Tex. App.–Amarillo 1997, pet. ref’d).  So too must appellant illustrate that he was surprised or that he was misled to his prejudice by the variance.  
Id.
   We find no such circumstances here.

The offense in question, as averred in the indictment, consisted of the allegation that “on April 25, 1986, in Cause No. 420522 in the District Court of Matagorda County, Texas [appellant] was convicted of the felony of theft.”  The pen packet received into evidence, however, revealed that he had actually been sentenced and convicted of felony theft in Matagorda County on April 24, 1986, one day before the date expressed in the indictment.  Furthermore, the actual cause number, as revealed by the packet, was not 420522 but rather 6885.  Indeed, 420522 was the prisoner number assigned to appellant by the Texas Department of Criminal Justice, while April 25, 1986 was the date upon which he was “received” from Matagorda County by prison officials.  

In short, whoever typed the indictment simply copied the wrong date and cause number from the pen packet.  This simple error, coupled with the ample evidence of appellant’s conviction for felony theft in Matagorda County one day after the date alleged in the indictment and the absence of any argument that he was somehow prejudiced by the typographical mistake, compels us to reject appellant’s contention.  We find that a rational jury could have concluded beyond reasonable doubt that the offense alleged in the indictment and the offense established at trial were one and the same.  Furthermore, any variance in the evidence was far from material or prejudicial.

Accordingly, the judgment is affirmed.

Brian Quinn

    Justice

Do not publish.