NUMBER 13-00-353-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


PEDRO MALDONADO , JR. Appellant,


v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 197th District Court

of Cameron County, Texas.

___________________________________________________________________



O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Rogelio Valdez


Appellant Pedro Maldonado, Jr. was indicted with the felony offense of driving while intoxicated. He pleaded guilty and
received ten years imprisonment in the Texas Department of Criminal Justice, Institutional Division, but the trial court
suspended his sentence and granted him community supervision for a period of ten years. Appellant raises four issues on
appeal: (1) whether the trial court's finding of insufficient evidence operates as an acquittal; (2) whether the trial court can
reform a judgment after the expiration of the term of court at which the judgment was entered; (3) whether the court of
appeals can reform a judgment in which the trial court found the evidence insufficient; and (4) whether, when the defendant
pleads guilty but the trial court finds the evidence insufficient, the court of appeals can afford relief other than a new trial. 
We affirm.

Background

Essentially, all of appellant's issues concern the fact that the judgment of conviction finds the appellant guilty but recites
that there was insufficient evidence to support the defendant's plea:

The Defendant further waived the reading of the indictment and, upon being asked by the court as to how the Defendant
pleaded, entered a plea of guilty to Driving While Intoxicated. Thereupon, the Defendant was admonished by the Court of
the consequences of said plea, and, it appearing to the Court that the Defendant was competent to stand trial and that the
Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession
of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the
Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having
heard argument of counsel for both parties, found that there was insufficient evidence to support the Defendant's plea and
found the Defendant guilty of the offense stated above.

(emphasis added). The transcript of the hearing on the plea of guilty reflects standard questions and testimony pertaining to
the plea of guilty, voluntariness, competency, and the range of punishment. Moreover, the State offered into evidence,
without objection from appellant, the arrest report and supplemental report detailing the arresting officer's findings
regarding Maldonado's intoxication. The sentencing was held on a subsequent day, and the issue of "insufficient evidence"
did not arise.

This case was originally set for submission in April of this year; however, the State filed a motion to abate the appeal in
order to obtain clarification from the trial court. We granted this motion, and now have before the Court a supplemental
record containing a "Judgment of Conviction; Sentence Suspended Placement on Community Supervision Nunc Pro Tunc"
signed by the trial court on April 24, 2001. This judgment provides:

In the above entitled and numbered cause there was signed for entry on May 8, 2000, a judgment which said judgment by
inadvertence reflected incorrectly a clerical error as follows: ". . . .The Court, having heard all evidence from the State and
the Defendant, and having heard argument of counsel for both parties, found that there was insufficient evidence to support
the Defendant's plea and found the Defendant guilty of the offense stated above." 

Now, therefore, in order to correct such inadvertence, It IS ORDERED that the following judgment be entered to reflect the
actual proceedings of May 8, 2000. . . .

(emphasis in the original). The remainder of the text following this language is identical in substance to that of the
judgment previously entered, with the exception of the corrected language finding sufficient evidence to support the
appellant's plea.


Analysis

Each of appellant's arguments on appeal is premised on the trial court's finding of insufficient evidence, or on reformation
of the judgment by either the trial court or this Court. We find that all of appellant's issues are resolved by entry of the
judgment nunc pro tunc.

The Latin phrase "nunc pro tunc" means "now for then" and describes the inherent power a court possesses to make its
records speak the truth. Smith v. State, 15 S.W.3d 294, 298 (Tex. App.-Dallas 2000, no pet.). A judgment nunc pro tunc
may only correct clerical errors in a judgment, not judicial omissions or errors. Ex parte Dopps, 723 S.W.2d 669, 670
(Tex. Crim. App. 1986); Jiminez v. State, 953 S.W.2d 293, 295 (Tex. App.-Austin 1997, pet. ref'd). A clerical error is
defined as one that does not result from judicial reasoning or determination. State v. Bates, 889 S.W.2d 306, 309 (Tex.
Crim. App. 1994). Whether the error is judicial or clerical depends on the nature of the error, not on who made the error. 
Jiminez, 953 S.W.2d at 295. Whether an error is clerical or judicial in nature is a question of law. Alvarez v. State, 605
S.W.2d 615, 617 (Tex. Crim. App. 1980). Rule 23 of the Texas Rules of Appellate Procedure vests a trial court with the
authority to correct mistakes or errors in a judgment or order after the expiration of the court's plenary power via entry of a
judgment nunc pro tunc. See Tex. R. App. P. 23.1; State v. Bates, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994)
(construing former appellate rule 36, which was amended without substantive change as Tex. R. App. P. 23); Fortson v.
State, 948 S.W.2d 511, 513-14 (Tex. App.-Amarillo 1997, pet. ref'd)(same).

Based on our review of the record, we conclude that the trial court's May 8, 2000, judgment contained a clerical error,
which was corrected by the "nunc pro tunc" judgment entered by the trial court on April 24, 2001. The nunc pro tunc
judgment provides that there was "sufficient evidence" to support the appellant's plea; accordingly, we overrule appellant's
first, third, and fourth issues concerning the sufficiency of the evidence to support his conviction. 

In his second issue, appellant argues that the trial court cannot reform a judgment after the expiration of the term of court at
which the judgment was entered; however, clerical errors may be corrected at subsequent terms of court. See, e.g., In re
Mattox, 129 S.W.2d 641, 644 (Tex. Crim. App. 1939).

The judgment of the trial court is AFFIRMED.



_____________________________

ROGELIO VALDEZ

Chief Justice





Do not publish. Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of August, 2001.