# NO. 12-21-00151-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DAVID ROSS RAMIRES,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

David Ross Ramires, Relator, requests a writ of mandamus directing the trial court to grant the relief sought in his Article 11.072 application for writ of habeas corpus in trial court cause number 2021040089 and set aside his convictions in trial court cause numbers 19696 and 19697.[1]  We deny the writ.

## BACKGROUND

Relator was charged by indictment with felony possession of a controlled substance and driving while intoxicated (DWI) with a child passenger. Pursuant to a plea bargain agreement with the State, he pleaded "guilty," and the trial court assessed his punishment at imprisonment for ten years, suspended for a term of six years, in the possession case, and confinement in a state jail facility for two years, suspended for a term of five years, in the DWI case. Subsequently, the State filed a motion to revoke Relator's community supervision.

On April 8, 2021, Relator's new counsel filed an application for writ of habeas corpus in the trial court under code of criminal procedure Article 11.072, asserting that Relator's guilty plea was involuntary and that he was denied discovery. On April 18, Relator filed an original proceeding in this Court requesting a writ of mandamus directing the trial court to issue a writ of

---

[1] The Respondent named in the petition is the Honorable Chris R. Day, Judge of the 2nd Judicial District Court in Cherokee County, Texas. The Real Party in Interest is the State of Texas.

habeas corpus. On July 30, we denied the petition, observing that the writ issued by operation of law when the application was filed.[2]

On September 15, Relator filed this original proceeding. On October 27, the State filed a response. On October 29, Relator filed an objection and motion to strike the State's response based on its failure to comply with the rules of appellate procedure. Because we decide the issues in this case based solely on Relator's petition, we dismiss the motion to strike as moot.

## FAILURE TO ENTER TIMELY ORDER

In Relator's first issue, he contends that he is entitled to mandamus relief because Respondent failed to enter a timely order granting or denying the relief sought in his habeas application. We disagree.

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). In a criminal case, a relator is entitled to mandamus relief only if he establishes that (1) he has no adequate remedy at law, and (2) the act he seeks to compel is ministerial. *In re ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013); *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011). An act is ministerial when the law spells out the official's duty with such certainty that nothing is left to the exercise of discretion. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991).

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the court to act. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). Before mandamus may issue, a relator must establish that the court (1) had a legal duty to rule on the motion, (2) was asked to rule on the motion, and (3) failed or refused to rule on the motion within a reasonable time. *Id.* A relator has the burden to provide a sufficient record to establish that he is entitled to relief. *Id.*

In arguing that he is entitled to mandamus relief, Relator observes that he filed his application for writ of habeas corpus in the trial court, the State filed a timely answer,[3] and the

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 4(a) (West 2005).

[3] Under Article 11.072, the state is allowed to file an answer within thirty days of service of the habeas application. TEX. CODE CRIM. PROC. ANN. art. 11.072 § 5(b), (c) (West 2005).

court failed to timely enter an order granting or denying relief.[4] However, although Relator attached a file-stamped copy of the application to his mandamus petition, he has not demonstrated that his application was properly presented to the trial court for a ruling. Showing that a motion was filed with the court clerk does not constitute proof that it was brought to the trial court's attention or presented to the court with a request for a ruling. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). Because Relator has not shown that his application was properly presented to the trial court for a ruling, he has failed to meet his burden of establishing that he is entitled to relief. *See Pete*, 589 S.W.3d at 321.

## CASE TRANSFER

Also in his first issue, Relator raises the issue of a dispute regarding the court in which his habeas proceeding is pending. His community supervision was imposed in the 2nd Judicial District Court, so he appropriately filed his habeas application in that court.[5] However, the State filed its answer in the 369th Judicial District Court, citing an attached docketing order that governs the distribution of post-judgment cases in the Cherokee County district courts in which no current district judge entered the original judgment. In his petition, Relator argues that only the 2nd Judicial District Court may enter the order granting or denying habeas relief in this case.

We cannot address this issue because it is not ripe for our review. The courts of this state are not empowered to give advisory opinions. *Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 971 S.W.2d 439, 443 (Tex. 1998). This prohibition extends to cases that are not yet ripe. *Id.* A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass. *Id.* In this case, Relator does not claim that a court other than the 2nd Judicial District Court entered an order granting or denying habeas relief. Consequently, we conclude that the complaint is not ripe and we cannot give an advisory opinion in the matter. *See id.*

---

[4] "Not later than the 60th day after the day on which the state's answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application." *Id.* § 6(a) (West 2005).

[5] An application filed under Article 11.072 "must be filed with the clerk of the court in which community supervision was imposed." *Id.* § 2(a) (West 2005).

In Relator's second issue, he argues that when the legislatively prescribed time expired, the trial court lost its jurisdiction to enter the order. Consequently, he argues that his right to fair process was violated and we must order Respondent to set aside his convictions.

We cannot conclude that the trial court's failure to enter an order within the legislatively prescribed time defeats its jurisdiction in this case. The general rule is that where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the case serves to defeat that jurisdiction. *Flynt v. Garcia*, 587 S.W.2d 109, 109-10 (Tex. 1979). We see no reason why the general rule should not apply in an Article 11.072 case in which the trial court failed to timely enter its order, and Appellant points to none. Rather, in support of his contention, Relator cites *Ex parte Tomlinson* as "surmising that had the trial court's order issued outside 'the statutory period' the appeal would not properly be before that court of appeals." *See Ex parte Tomlinson*, 295 S.W.3d 412, 418 n.4 (Tex. App.—Corpus Christi 2009, no pet.) (citing *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998)). In *Tomlinson*, a visiting judge granted Tomlinson's Article 11.072 application for writ of habeas corpus and signed an order granting him a new trial. *See id.* at 416. Subsequently, the court's presiding judge granted the State's motion for reconsideration and denied Tomlinson's application. *See id.* at 417. On appeal, the parties did not dispute the court's jurisdiction to deny the application, but the court of appeals observed in a footnote that the order denying the application was properly before the court because it was entered within the time prescribed by Article 11.072. *See id.* at 418 n.4.

Even if this footnote in *Tomlinson* supports Relator's contention that the trial court here lost its jurisdiction when the legislatively prescribed time expired, the authority cited by the court of appeals in that case has since been overruled. *See Kirk v. State*, 454 S.W.3d 511, 515 (Tex. Crim. App. 2015) (overruling *Awadelkariem* in pertinent part). In *Awadelkariem*, the issue was whether the trial court could rescind an order granting a motion for new trial in a criminal case. *See Awadelkariem*, 974 S.W.2d at 722. The court of criminal appeals held that such an order may be rescinded, but only during the seventy-five-day period during which the court was permitted by the appellate rules to rule on the motion. *Id.* at 728. Notably, the court did not hold that the trial court lost its jurisdiction after the seventy-five-day period, but instead based the limit on the court's "review of the issue, our appellate rules, the Texas Supreme Court's

pronouncement [of a seventy-five-day limitation on vacating the grant of a new trial in a civil case], and the authority in other jurisdictions[.]" *See id.*

In *Kirk*, the State sought to overturn the time limit pronounced in *Awadelkariem*. The court of criminal appeals noted that in *Awadelkariem*, it relied heavily on Texas Supreme Court caselaw in imposing the time limit. *See Kirk*, 454 S.W.3d at 513. It further noted that the supreme court had since overruled that caselaw. *See id.* Finding the supreme court's reasoning persuasive, the court of criminal appeals followed suit and abandoned the time limit imposed in *Awadelkariem*. *See id.* at 515. Thus, Relator's only cited authority for his contention that the trial court here no longer has jurisdiction to enter an order in this case relies on authority that has been overruled to any extent it could have supported that contention. *See id.*; *Tomlinson*, 295 S.W.3d at 418 n.4. Because Relator's contention is not supported by persuasive authority, and we see no reason not to follow the general rule of jurisdiction retention, we conclude that the trial court retains jurisdiction in this case. *See Flynt*, 587 S.W.2d at 109-10. Accordingly, Relator's second issue presents no grounds for mandamus relief.

## DISPOSITION

Having determined that Relator failed to establish his entitlement to mandamus relief, we *deny* the petition for writ of mandamus. We *lift* our stay of October 29, 2021.

GREG NEELEY
Justice

Opinion delivered December 8, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 8, 2021**

**NO. 12-21-00151-CR**

**DAVID ROSS RAMIRES,**
Relator
V.

**HON. CHRIS R. DAY,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by David Ross Ramires; who is the relator in appellate cause number 12-21-00151-CR and the applicant in trial court cause number 2021040089, originating in the 2nd Judicial District Court of Cherokee County, Texas. Said petition for writ of mandamus having been filed herein on October 28, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*